UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-62500-CIV-ROSENBAUM/SELTZER

JOHN ALBERT PICK,

    Plaintiff,

v.

THE STATE OF FLORIDA 17TH JUDICIAL
CIRCUIT COURT, *et al.*,

    Defendants.
_____/

**ORDER DENYING MOTION TO SET ASIDE JUDGMENT**

This matter is before the Court on Plaintiff John Albert Pick's Motion to Set Aside Judgment Order Pursuant to Rule 60(b)(1), Fed. R. Civ. P. [D.E. 20, D.E. 22]. The Court has carefully reviewed Plaintiff's Motion, along with all attachments, and the record. For the reasons set forth below, the Court now denies Plaintiff's Motion to Set Aside Judgment.

*I. Background*

On December 17, 2012, Plaintiff John Albert Pick filed his "Petition for Writ of Mandamus," which the Court construed as a complaint, in this matter. Because Pick's complaints were not entirely clear from a review of his *pro se* Complaint, the Court drew its understanding of the general nature of Plaintiff's complaints from a review of the record in its entirety.

Pick's wife died, and his four children were apparently removed from Pick's custody and placed under state custody with Child Net by the state court.[1] It appears that in order to visit his

---

[1]This was not contained in the Complaint.

children and possibly to achieve reunification with his children, the state court ordered Pick to engage in some type of counseling or classes or other tasks at Child Net.[2]

The Social Security Administration, however, has found Pick to be disabled to the extent that Pick receives Supplemental Security Income because of a serious back condition.[3]  Child Net is a apparently a long distance from Pick's home, and he has no means of transportation there, other than taking multiple buses in a trip that requires hours.[4]  For this reason, Pick seems to have requested what he termed as a "reasonable accommodation" under the Americans With Disabilities Act in the form of transportation to Child Net to attend his required events.[5]  Pick may have requested other "reasonable accommodations" as well, but the Court could not discern that from the record.  Because it appeared that the state court may have authorized transportation at least at some point for Pick,[6] it was not clear whether Pick alleged that Defendants failed to provide Pick with transportation or whether he complained about some other type of refused alleged "reasonable accommodation" under the ADA.  Nor could the Court tell whether Pick was alleging some other violation of the ADA.

Defendants understandably had a difficult time identifying precisely what Pick's claim or

---

[2]This was not contained in the Complaint.

[3]The Complaint alluded to this finding through a sarcastic quotation attributed to a state-court judge, but the Complaint did not directly allege the basis for Plaintiff's receipt of SSI benefits.

[4]The Complaint again alluded to this apparent fact by purporting to quote a state-court judge's alleged remark, but it did not directly allege this.

[5]The Court drew this conclusion from the inclusion in the Complaint of a quotation attributed to the state-court judge, in which the state-court judge allegedly said, "The only reasonable ADA accommodation that I am prepared to give you is reasonable transportation accommodation."  D.E. 1 at 9.

[6]*See supra* at n.6.

claims were, based on their review of Pick's Complaint. For this reason and others, Defendants moved to dismiss. *See* D.E. 11, D.E. 17.

Upon examination of the Complaint, the Court agreed that Pick's Complaint was deficient and therefore granted Defendants' Motion to Dismiss on March 7, 2013. *See* D.E. 18. Most significantly, the Complaint failed to satisfy the pleading standard set forth by Rule 8(1)(2), Fed. R. Civ. P., in that it did not provide notice of Plaintiff's claims. As the Court explained, "[D]iscerning Plaintiff's actual claims from the . . . Complaint is impossible because Plaintiff's Complaint does not (1) clearly articulate the statute or other legal authority under which he is proceeding; or (2) set forth the specific factual allegations tending to show the plausibility of each of the elements of each of his claims." The Court further explained that Pick's Complaint violated the one-claim-per-count rule. In granting Defendants' Motion to Dismiss, however, the Court provided Defendant with fourteen days to file an amended complaint remedying the deficiencies of the original Complaint. *See* D.E. 18.

When the Court did not receive further filings from Pick, on March 27, 2013, the Court entered an order dismissing the case. *See* D.E. 19. Five days later, on April 2, 2013, Pick filed his Notice of Filing Motion to Set Aside the Judgment Order of March 27, 2013, and for Leave to File Instantner [sic] a Complaint for Declaratory Judgment and Injunction ("Motion to Set Aside"). *See* D.E. 21; *see also* D.E. 20, D.E. 22.

In his Motion to Set Aside, Pick requested that the Court's Order Dismissing Case be set aside under Rule 60(b), Fed. R. Civ. P. In support of his Motion, Pick explains that he received the

Court's Order on March 13, 2013, and, although the envelope was postmarked March 8, 2013,[7] Pick mistakenly read it as having been postmarked March 11, 2013.  D.E. 20 at 2.  Pick then miscalculated his response as being due on April 1, 2013, because he did not count "the holidays and weekend days."  *Id.*  Besides mistake, Pick also asserts a variety of other purported equitable and legal reasons why the Court should set aside its Order dismissing the case.  *See, generally, id.*

In addition, Pick seeks to file a new version of his Complaint ("Amended Complaint").  *See id.* at 11.  Although the Amended Complaint purports to set forth eighteen separate claims, like the original Complaint, it fails to specify the particular acts in which Defendants allegedly engaged that are claimed to have violated Pick's rights.  The Amended Complaint further continues to suffer from multiple violations of the one-claim-per-count rule.

## *II.  Discussion*

Rule 60(b), Fed. R. Civ. P., sets forth the grounds for relief from a final judgment, order or proceeding.  In pertinent part, it provides,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)     mistake, inadvertence, surprise, or excusable neglect;
>
> \* \* \* \* \*
>
> (6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60(b)(1) provides relief under circumstances of excusable neglect, which can "encompass situations in which the failure to comply with a filing deadline is attributable to

---

[7]The Motion to Set Aside states that the envelope was postmarked March 8, 2012, but the Court assumes that Pick meant March 8, 2013.

negligence." *Hutchinson v. Florida*, 677 F.3d 1097, 1109 (11th Cir. 2012) (quoting *United States v. Davenport*, 668 F.3d 1316, 1324 (11th Cir. 2012)) (internal quotation marks omitted). Rule 60(b)(6) may provide relief only if the basis is not encompassed by any of the other categories listed at Rule 60(b)(1) through (5). *United States v. Real Prop. & Residence Located at Route 1*, 920 F.2d 788, 791 (11th Cir. 1991).

Here, Pick cites confusion over the methodology for counting the number of days that the Court permitted for Pick to amend his Complaint. Considering Pick's *pro se* status and the fact that he missed the deadline by less than a week, the Court would be inclined to find excusable neglect in this first instance where Pick has missed a Court deadline. As a result, the Court could, theoretically, set aside the default judgment.

But the inquiry does not end there. Here, Pick has filed a proposed amended complaint, so the Court must consider whether to allow Pick to file it. The decision whether to grant a plaintiff's motion to amend falls within the discretion of the district court. *Laurie v. Ala. Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). Rule 15(a), Fed. R. Civ. P., however, limits the Court's discretion by requiring courts to give leave to amend freely when justice so requires. Consequently, the Court must provide a justification if it denies a timely filed motion for leave to amend. *Id.*

Appropriate reasons for not allowing amendment of a complaint include the following: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Moreover, federal courts have a "constitutional obligation to protect their

jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (*en banc*) (citing *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984), *cert. denied*, 474 U.S. 1061 (1986)). In this regard, federal courts have a "responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.*

In this case, although it is evident that Plaintiff has expended effort to try to fix the problems of the original complaint, the proposed amended complaint still suffers from fatal deficiencies. First, as with the original Complaint, the Amended Complaint violates the one-claim-per-count rule. *See* Fed. R. Civ. P. 10(b) ("each claim founded on a separate transaction or occurrence . . . must be stated in a separate count," where doing so would promote clarity); *see also Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996). For example, Count Four alleges violations of Pick's "Sixth, Eighth, and Fourteenth Amendment and ADA rights to adequate health care rights, to question the Child Net, Inc.'s professional medical and mental health credentials and insure whether these Child Net, Inc. employees and their community-based family services task services providers are professionally licensed and are operating with the scope of their professional licensing credentials . . . ." D.E. 20 at 19. Thus, in a single count, Pick claims Defendants violated his rights under three constitutional amendments and an unrelated statute.

In addition, the Amended Complaint fails to comply with the requirement imposed by Rule 8(a)(2), Fed. R. Civ. P., to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and the demands of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to set forth facts demonstrating the plausibility of the claims alleged. As previously explained, these cases instruct that while a complaint "does not need detailed

factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

A claim is facially plausible when the plaintiff's factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not state a plausible claim and must be dismissed. *Id.* at 679; *see Twombly*, 550 U.S. at 570 (holding that to avoid dismissal, plaintiffs must "nudge[] their claims across the line from conceivable to plausible").

Because *Twombly* and *Iqbal* require a complaint to contain factual allegations demonstrating the plausibility of any claim that the plaintiff seeks to bring, the cases have been construed to require that a complaint allege facts that, if true, would demonstrate the plausibility of each of the elements of the cause of action alleged. *See, e.g., Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010) (noting the five elements of a hostile-work-environment claim that the plaintiff was required to plead and discussing the absence of sufficient factual allegations to establish them).

While Pick's Amended Complaint is lengthy and goes on and on about Defendants' alleged conduct, it fails to assert sufficient facts to establish the plausibility of any single claim that it

purports to make. In this regard, Pick's Amended Complaint sets forth a laundry list of complaints and invokes numerous constitutional and statutory provisions but fails to make an appropriate connection between the complaints and the law that identifies how any specific actions of Defendants violated the law. Instead, the Amended Complaint is, at best, conclusory.

Third, it is still very difficult to discern precisely what it is that Pick complains about, and, to the extent that the Court can ascertain Pick's complaints, they appear to lack a legal basis. For example, in its entirety, Count One states,

> The defendant's, on or about and since 06/11 policies, and procedures, acts and practices, violated and continue to violate the plaintiff's Sixth Amendment rights to effective loyal, and unbiased counsel representation in the sense that the ORC-4 attorney's and the Honorable 17th Judicial District Courts give reverential cat's paw rubber stamp deference and total credulity to Child Net, Inc. known by the ORC-4 and the Honorable Courts as the "Department". The results are that the plaintiff has/is receiving biased ineffective counsel that has damaged the plaintiff and has/is preventing the plaintiff from being reunited with his children in a timely manner. Padilla v. Kentucky 130 S. Ct. 1473 (2010).

D.E. 20 at 18. Because Count One states no other facts expressly or by incorporation, there is no way to know what this count means based solely on the count itself, and the count itself lacks sufficient factual underpinnings to sustain a Sixth Amendment claim.

Indeed, to the extent that the Court can construe the claim based on the Court's review of the case file in its entirety, the claim fares no better. The claim seems to attempt to assert a violation of Pick's Sixth Amendment right to counsel. But Pick's right to counsel in dependency proceedings does not stem from the Sixth Amendment right to counsel, which applies only in criminal cases.[8]

---

[8]Although the Amended Complaint and the case file do not clearly specify the proceedings involving Pick and his children, assuming that the dependency court proceedings described in the record involve efforts by the State of Florida to permanently terminate Pick's

*See* U.S. Const. amend. VI ("*In all criminal prosecutions*, the accused shall . . . have the Assistance of Counsel for his defence.") (emphasis added).

Similarly, any claims Pick asserts under the Eighth Amendment likewise appear not to be viable, as the Cruel and Unusual Punishments Clause "'was designed to protect those convicted of crimes,' . . . , and consequently the Clause applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'" *Whitley v. Albers*, 475 U.S. 312, 318-19 (1986) (citations omitted). Here, there is no indication that anything that Pick alleges that the governmental Defendants have done was punishment for a criminal offense. Other counts likewise appear to be non-viable as a matter of law.

In short, the Amended Complaint fails to state a cause of action and suffers from other fatal deficiencies that would require dismissal if the Court permitted the Amended Complaint to be filed. For this reason, allowing the filing of the Amended Complaint would be futile. Therefore, the Court declines to authorize the filing of the Amended Complaint, even though the Court would have allowed it out of time under the circumstances here, had the Amended Complaint been viable. Because no complaint is pending or filed in this case, the Court denies the Motion to Set Aside Judgment Order [D.E. 20; D.E. 22].

### *III.  Conclusion*

For the foregoing reasons, Plaintiff's Motion to Set Aside Judgment Order Pursuant to Rule

---

parental rights, in Florida, Section 39.402(5)(b)2, Fla. Stat., expressly establishes the right to counsel for a parent at such proceedings. *See also S.B. v. Dep't of Children & Families*, 825 So. 2d 1057, 1059-60 (Fla. 4th DCA 2002) (in such circumstances, "[a]ppointed counsel 'is necessarily required under the due process clause of the United States and Florida Constitutions . . .'") (citation omitted).

60(b)(1), Fed. R. Civ. P. [D.E. 20, D.E. 22], is **DENIED**.

      **DONE and ORDERED** at Fort Lauderdale, Florida, this 12th day of April 2013.

                                                                */s/ Robin S. Rosenbaum*
                                                       ROBIN S. ROSENBAUM
                                                       UNITED STATES DISTRICT JUDGE

copies:

The Honorable Barry S. Seltzer

Counsel of Record

John Albert Pick, *pro se*
1399 N.E. 28th Street
Pompano Beach, Florida 33064